**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| JOHN E. REARDON,<br><br>                Plaintiff,<br><br>    v.<br><br>GOVERNOR PHIL MURPHY, et al.,<br><br>                Defendants. | Civil No. 18-11372 (RBK/AMD)<br><br>**OPINION** |

**KUGLER, DISTRICT JUDGE,**

**I.  INTRODUCTION**

On July 3, 2018, Plaintiff John E. Reardon filed a 3-count, 86-page complaint against 22 individuals[1] that broadly revolved around a series of traffic violations between 1986 and 2016. (Docket Item 1.) The Complaint is difficult to follow, to say the least, but as best as the Court can understand, it attempts to have numerous traffic laws and regulations — such as vehicle registration, driver's license requirements, vehicle inspection and insurance requirements, and seat belt laws — deemed unconstitutional. It further appears to argue that individuals charged with traffic violations are entitled to jury trials.

---

[1] They are Senator Dawn Addiego, Senator James Beach, B. Sue Fulton, Prosecutor Mathew Gindele, Prosecutor Robert Gleaner, Assemblywoman Maria Gregg, Attorney General Gurbir Grewal, Assemblyman Joe Howarth, Prosecutor Michael Joyce, Prosecutor Daniel Long, Prosecutor Lawrence Luongo, Senator Fred Madden, Judge Krisden McCrink, Judge John McFeeley, Judge John Morelli, Governor Phil Murphy, Prosecutor Steven Peterson, Judge George Singley, Judge Ryan Trabosh, Prosecutor Andrew Viola, Judge Robert Zane, and Judge Daniel Zonies.

Finally, Plaintiff seems to allege personal constitutional violations based on his convictions under such traffic laws and regulations. The first two counts of the Complaint seek declaratory relief related to Plaintiff's arguments about the constitutionality of this statutes and the right to a jury trial, respectively. The third count seeks compensatory damages against the named Defendants.

On July 12, 2018, Plaintiff amended his complaint to add Prosecutor Richard DeMichele as a defendant. (Docket Item 4.) On July 18, 2018, Plaintiff added Prosecutor Paul Dougherty as a defendant and terminated Prosecutor Mathew Gindele as a defendant.[2] (Docket Item 6.) On August 28, 2018, the Clerk of Court entered Default against all Defendants. (See Docket.) On September 26, 2018, Defendants Fulton, Grewal, Murphy, and Zane filed a Motion to Vacate the Entry of Default. (Docket Item 10.) On October 1, 2018, Plaintiff filed a Motion for Default Judgment as against all Defendants. (Docket Item 12.) On October 2, 2018, Defendants Luongo and Zonies filed a Motion for Extension of Time to File an Answer. (Docket Item 11.) On November 8, 2018, Defendant John Morelli filed a Motion to Vacate/Deny Entry of Default Judgment and to Dismiss. (Docket Item 24.) On November 19, 2018, Defendants Dougherty, Gleaner, Joyce, Luongo, McCrink, Peterson, Singley, Trabosh,

---

[2] Therefore, Plaintiff's Motions for Default Judgment against Defendant Gindele will be denied.

2

Viola, and Zonies filed a Motion to Dismiss. (Docket Item 29.) On November 28, 2018, Plaintiff filed a Motion for Relief from a Final Judgment, Order, or Proceeding.[3] (Docket Item 33.) On December 10, 2018, Defendants Dougherty, Gleaner, Joyce, Luongo, McCrink, Peterson, Singley, Trabosh, Viola, and Zonies filed a Motion for Sanctions. (Docket Item 36.) On December 17, 2018, Plaintiff filed a Cross-Motion for Leave to Amend "all cases from 1988-1992." (Docket Item 37.)[4] On January 9, 2019, Defendant Long filed a Motion to Dismiss. (Docket Item 44.) On January 15, 2019, Plaintiff filed another Motion for Default Judgment as against Defendants Addiego, Beach, DeMichele, Gindele, Gregg, Howarth, Madden, and McFeeley. (Docket Item 45.) On March 29, 2019, Defendants Addiego, Beach, Fulton, Grewal, Howarth, Madden, Murphy, and Zane filed a Motion to Vacate Entry of Default. (Docket Item 52.) Finally, on July 22, 2019, Plaintiff filed a "Motion for an Order of Compliance." (Docket Item 66.)[5] Plaintiff filed responses to each of the above-listed motions. (See generally Docket.) The Court will address these issues in turn.

II. DISCUSSION

---

[3] The Court notes that there has been no final judgment, order, or proceeding in this case. Therefore, Docket Item 33 will be denied.
[4] The Court notes that this amounts to a Rule 60 motion. Again, there has been no final judgment, order, or proceeding in this case. Therefore, Docket Item 37 will be denied.
[5] The Court notes that the Motion for an Order of Compliance seeks information about individuals who are parties to a case entirely separate from this one. The Motion also uses a different docket number altogether. Therefore, Docket Item 66 will be denied.

**A.     PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. See FED. R. CIV. P. 55(b)(2). Before granting default judgment, a court must determine whether (1) the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) the unchallenged facts present a sufficient cause of action, and (3) the circumstances otherwise render the entry of default judgment "proper." Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co., No. 11-7317, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012). Whether default judgment is proper depends on (1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct, as opposed to mere excusable neglect. Butler v. Pennsylvania Bd. of Prob. & Parole, 613 F. App'x 119, 122 (3d Cir. 2015) (quoting Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). As a general rule, default judgment is disfavored in the Third Circuit, which prefers to decide cases on the merits. See, e.g., Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 2004).

As to Defendants DeMichele, Gregg, and McFeeley — none of whom have filed a responsive pleading in this matter — Plaintiff has not provided sufficient proof of valid service. As a result,

4

default judgment is inappropriate as to those parties. The Court will dismiss without prejudice Plaintiff's Motion for Default Judgment against Defendants DeMichele, Gregg, and McFeeley. The Court will also require that Plaintiff provide proof of personal service on Defendants DeMichele, Gregg, and McFeeley before Plaintiff files another Motion for Default Judgment against them.

As to the remainder of the Defendants, the Court will construe, as needed, their Motions to Vacate, Motion to Extend, and Motions to Dismiss as opposing Plaintiff's Motions for Default Judgment. Based on those filings, as well as Plaintiff's responses, default judgment is not appropriate against the remaining Defendants, either. First of all, there is no indication whatsoever that Plaintiff will be prejudiced if default is not granted in this case. Moreover, Defendants have meritorious defenses to the claims, which include improper service, sovereign immunity, the <u>Rooker-Feldman</u> doctrine, judicial immunity, the <u>Heck</u> doctrine, failure to comply with Rule 8 of the Federal Rules of Civil Procedure and the <u>Twombly</u>/<u>Iqbal</u> pleading standard, res judicata, failure to state a claim upon which relief can be granted, statute of limitations, and other defenses. Finally, Defendants' delay is the result of mere excusable neglect at worst, as opposed to culpable conduct: despite Plaintiff's assurances that Defendants were all properly served, Defendants assert that they were not properly served nor even aware of this action until well after it

5

was filed. Therefore, the Court will vacate the Clerk's August 28, 2018 Entry of Default and deny as moot Plaintiff's Motions for Default Judgment as to Defendants Addiego, Beach, Dougherty, Fulton, Gindele, Gleaner, Grewal, Howarth, Joyce, Long, Luongo, Madden, McCrink, Morelli, Murphy, Peterson, Singley, Trabosh, Viola, Zane, and Zonies. Moreover, the Motions to Vacate filed by Defendants Fulton, Grewal, Murphy, and Zane (Docket Item 10), Defendant Morelli (Docket Item 24), and Defendants Addiego, Beach, Fulton, Grewal, Howarth, Madden, Murphy, and Zane (Docket Item 52) will be granted. The Motion for an Extension filed by Defendants Luongo and Zonies (Docket Item 11) will also be granted.

**B.  DEFENDANTS' MOTIONS TO DISMISS**

Defendants Morelli (Docket Item 24); Dougherty, Gleaner, Joyce, Luongo, McCrink, Peterson, Singley, Trabosh, Viola, and Zonies (Docket Item 29); and Long (collectively, "the moving Defendants") (Docket Item 44) all filed Motions to Dismiss. Plaintiff responded to each of their Motions. (See Docket Items 25, 30, 32, 34, 35, and 47.)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. In considering such a motion, the court must "accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

6

the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (internal citations omitted). In applying this standard to pro se pleadings and other submissions, as here, the Court must liberally construe the well-pleaded allegations, and draw all reasonable inferences in favor of the pro se litigant. Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009). Despite this liberality, however, a pro se complaint must still "contain sufficient factual matter, accepted as true," to "state a [plausible] claim to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Marley v. Donahue, 133 F. Supp. 3d 706, 714 (D.N.J. 2015) (explaining the same concept).

The moving Defendants put forth numerous bases in support of their Motions to Dismiss, including res judicata, the entire controversy doctrine, immunity, the Heck doctrine, the Rooker-Feldman doctrine, and statutes of limitations. For the reasons explained herein, the Court finds that the moving Defendants are immune from suit and therefore the Court will dismiss the Complaint with prejudice as against those Defendants. Since Plaintiff's claims cannot proceed on these bases, the Court declines to address Defendants' other arguments for dismissal.

7

Judges are generally "immune from a suit for money damages." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 9 (1991)). Moreover, judicial immunity grants judges "immunity from suit, not just from an ultimate assessment of damages." Mireles, 502 U.S. at 11. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority . . . ." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Rather, judicial immunity will only be overcome if (1) the challenged actions were not taken in the judge's judicial capacity or (2) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. The Supreme Court has held that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Id. at 12 (alteration in original) (quoting Stump, 435 U.S. at 362).

Similarly, prosecutors are protected from suit by prosecutorial immunity. See Imbler v. Patchman, 424 U.S. 409, 431 (1982). A "prosecutor is immune from a civil suit for damages under § 1983" when the prosecutor merely "initiat[es] a prosecution and . . . present[s] the State's case." Id. As the Supreme Court has noted, "acts undertaken by a prosecutor in preparing for the

initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

In the case at hand, Plaintiff is suing all of the moving Defendants in their capacities as either judges or prosecutors. Even taking the allegations in the Complaint as true and making all reasonable inferences in favor of Plaintiff, there is simply no indication that the moving Defendants' respective immunities do not apply in the case at hand. Rather, the Complaint specifically seeks to hold the moving Defendants liable for their alleged actions in judging and prosecuting Plaintiff's traffic offenses while in their roles as judges and prosecutors.

Therefore, because the moving Defendants are protected by judicial and prosecutorial immunity, the Court will dismiss the Complaint as against each of them.

**C. DEFENDANTS' MOTION FOR SANCTIONS**

Defendants Dougherty, Gleaner, Joyce, Luongo, McCrink, Peterson, Singley, Trabosh, Viola, and Zonies also filed a Motion for Sanctions in this case. Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a party who has presented a pleading, motion, or other paper to the court without evidentiary support or for "any improper purpose." FED. R. CIV. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless

9

filings in District Court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

District courts have the power to enjoin the filing of meritless actions "where the pleadings raise issues identical or similar to those that have been adjudicated." In re Packer Ave. Assocs., 884 F.2d 745, 747 (3d Cir. 1989). However, such injunctions should be "narrowly tailored and sparingly used," id., because "access to the courts is a fundamental tenet to our system [and] *legitimate* claims should receive a full and fair hearing no matter how litigious the plaintiff may be," Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) (emphasis in original) (quoting In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982)).

There are "several methods of achieving the various goals of Rule 11," including nonmonetary directives. Doering v. Union Cty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988); see FED. R. CIV. P. 11(c)(4). A court is granted broad discretion in choosing the nature and severity of sanctions in a particular case. See DiPaolo v. Moran, 407 F.3d 140, 146 (3d Cir. 2005). As the Honorable Noel L. Hillman has observed,

> It is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern

10

for maintaining order in the court's dockets. A "district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute."

Copeland v. Twp. of Bellmawr, No. 1:17-cv-12104, 2018 WL 3742625, at *4 (D.N.J. Aug. 7, 2018) (quoting Telfair v. Office of U.S. Attorney, 443 F. App'x 674, 677 (3d Cir. 2011)). The Court is faced with such a pattern of vexatious litigation in this case.

Plaintiff's series of frivolous motions, meritless complaints, and procedurally deficient actions began more than three decades ago. See Reardon v. Steinberg, No. 89-223, 1989 WL 22416, at *1 (D.N.J. Mar. 14, 1989) (citing as examples five cases filed in 1987 and 1988). In 1989, the Honorable Anne E. Thompson presided over a case in which Plaintiff complained of the unconstitutionality of New Jersey's motor vehicle regulations as well as what he perceived to be targeted prosecution under those regulations. Id. at *1 n.1. The complaint was dismissed because it was "frivolous on [its] face." Id. at *1 (alteration in original). In her Order — written more than 30 years ago — Judge Thompson wrote, "The court is compelled once again to warn Mr. Reardon that Continuous filings, such as those described above, will result in the imposition of sanctions against him pursuant to Fed. R. Civ. P. 11." Id.

Months later, Judge Thompson stayed true to her word in another of Plaintiff's frivolous suits. In Reardon v. Sell, Judge

Thompson again summarized Plaintiff's litigious history before writing:

> These abundant filings have resulted in an unnecessary expenditure of time, energy, and resources of all involved. Mr. Reardon has been warned adequately that such behavior will result in the imposition of sanctions. Therefore, and to further discourage Mr. Reardon from filing either frivolous complaints or from continuing his non-compliance with the Federal Rules of Civil Procedure, this court is imposing sanctions on Mr. Reardon in the amount of $200.00.

Reardon v. Sell, No. 88-5253, 1989 WL 85344, at *2 (D.N.J. July 24, 1989).

But, despite Judge Thompson's valiant efforts, Plaintiff was not discouraged by the fine. He has since filed no fewer than twenty-five additional complaints in the District of New Jersey. Included in that list of cases is Reardon v. Leason, 3:92-cv-02433-MLC. That case was dismissed against certain defendants by the Honorable Mary L. Parell on March 10 and September 20, 1994, before being dismissed in its entirety in September 1994 due to lack of prosecution. Thereafter, Plaintiff took the following actions:

- On December 27, 1994, Plaintiff filed a Motion to Vacate the Court's September 20, 1994 Order. That Motion was denied on March 1, 1995.
- On April 10, 1995, Plaintiff appealed the Court's Order of September 20, 1994. That Appeal was denied as untimely by the Third Circuit on June 9, 1995.

- Also on April 10, 1995, Plaintiff appealed the Court's Order of March 1, 1995. That Order was affirmed by the Third Circuit on June 9, 1995.

- On June 3, 2010, Plaintiff filed a Rule 60(b)(4) Motion with respect to this case. That Motion was denied on July 1, 2010.

- On May 9, 2011, Plaintiff filed a Motion to Set Aside the prior decisions of Judges Cooper and Parell, including Judge Parell's 1994 dismissal Orders. That Motion was denied on May 31, 2011.

- On June 7, 2011, Plaintiff filed a Motion to Set Aside orders. That Motion was denied on June 8, 2011.

- On August 2, 2011, Plaintiff filed a Rule 60(b)(4) and 60(d)(3) Motion to Set Aside Judge Parell's various orders. That Motion was denied on September 7, 2011.

- On October 5, 2011, Plaintiff appealed the Court's September 7, 2011 Order. That Order was affirmed by the Third Circuit on March 30, 2012.

- On May 21, 2012, Plaintiff filed a Petition for Writ of Certiorari and a Motion for Leave to Proceed In Forma Pauperis with the United States Supreme Court. That Petition was denied on May 21, 2012.

- On July 20, 2012, Plaintiff filed a Motion to Recuse and Void the Orders of Judge Parell and a Motion to Set Aside Judge

Parell's Dismissal Orders. Those Motions were denied on August 6, 2012.

- On September 4, 2012, Plaintiff filed a Motion for Reconsideration/a Motion to Set Aside Judge Parell's and Judge Cooper's Orders. Those Motions were denied on September 7, 2012.

Nevertheless, Plaintiff filed a Complaint on July 9, 2015, which was ostensibly a different lawsuit. See Reardon v. Mondelli, 1:15-cv-5520. However, the claims in the 2015 Complaint are nearly identical to those in the 1992 Complaint. The procedural history bears a striking resemblance, too:

- On November 3, 2015, Plaintiff filed a Motion to Bar a Rule 11 Claim. That Motion was denied on December 3, 2015.

- On November 19, 2015, Plaintiff filed a Motion for Default Judgment. That Motion was denied on April 28, 2016.

- On March 28, 2016, Plaintiff filed a Motion for Default Judgment. That Motion was denied on October 5, 2016.

- On April 13, 2016, Plaintiff filed a Motion to Compel and for Sanctions. That Motion was denied on April 28, 2016.

- On November 14, 2016, Plaintiff filed a Motion for Recusal. That Motion was denied on April 25, 2017.

- On May 24, 2017, Plaintiff filed a Petition for Writ of Mandamus with the Third Circuit, alleging that the Honorable

Noel L. Hillman and "Docket Clerk" Deanna Wall "refuse[d] to comply with the Rules to enter Default or Default Judgment due to waiver of rights or to set a trial as to damages." That Petition was denied on July 7, 2017.

- On October 3, 2017, Plaintiff filed an Amended Petition seeking a Writ of Mandamus compelling Judge Hillman to grant Plaintiff's Motions for Entry of Default Judgment and Recusal. That Amended Petition was denied on December 4, 2017.

- On December 18, 2017, Plaintiff filed a Motion for Relief. On May 2, 2018, Plaintiff filed a Motion for Default Judgment. Those Motions were denied on July 9, 2018.

- On September 6, 2018, the late Honorable Jerome B. Simandle ordered the case dismissed.

- On September 7, 2018, Plaintiff filed a Motion for Default Judgment. That Motion was denied on September 10, 2018. The case was ordered closed on September 10, 2018, as well.

- On October 12, 2018, Plaintiff filed a Motion to Set Aside the dismissal. The case was reopened, that Motion was denied, and the case was closed again on June 24, 2019.

The present case represents yet another attempt by Plaintiff to re-litigate claims that have repeatedly been dismissed on various grounds by various courts. The above summaries of Plaintiff's motion practice account for but two of the more than

two-dozen cases that he has filed in this District, and they are not anomalous.

Therefore, the Court finds that sanctions are appropriate in this case. Defendants' Motion seeks sanctions in the form of (1) reasonable attorneys' fees, costs, and expenses incurred in responding to this action; (2) an injunction precluding Plaintiff from filing any civil action based on the same legal or factual claims of his previous suits; (3) an injunction precluding Plaintiff from filing any civil action without prior approval by the Court; and (4) whatever sanctions the Court deems appropriate. However, before issuing a litigation preclusion order, the Court is obligated to permit Plaintiff to show cause why the proposed injunctive relief should not issue. See Telfair, 443 F. App'x at 677. Therefore, the Court will grant the Motion, though the specific sanctions to be imposed will not be determined until after the Court considers Plaintiff's response to an Order to Show Cause.

### III. CONCLUSION

In light of the above discussion, the Court will vacate the Entry of Default as to all Defendants except Defendants McFeeley, Gregg, and DeMichele, thereby rendering Plaintiff's Motions for Default Judgment moot, except as against those three Defendants. The Court will deny all of Plaintiff's remaining motions. Additionally, the Court will dismiss the Complaint as against Defendants Dougherty, Gleaner, Joyce, Long, Luongo, McCrink,

16

Morelli, Peterson, Singley, Trabosh, Viola, and Zonies. The Court will also grant Defendants' Motion for Sanctions and order Plaintiff to show cause as to why he should not be subject to a litigation preclusion order. An accompanying Order shall issue.

September 27th, 2019s/Robert B. Kugler
DateROBERT B. KUGLER
United States District Judge